T.C. Memo. 1999-297


UNITED STATES TAX COURT


CHARLES W. NEWSOM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18459-98.                    Filed September 3, 1999.


Charles W. Newsom, pro se.

Gary L. Bloom, for respondent.


MEMORANDUM OPINION

DEAN, Special Trial Judge:  Respondent determined a deficiency in petitioner's Federal income tax of $1,709 for the taxable year 1997.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

The issues for decision are:  (1) Whether petitioner is entitled to head of household filing status; and (2) whether petitioner is entitled to an earned income credit.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Little Rock, Arkansas, at the time he filed his petition.

## Background

Petitioner and his wife, Longina Newsom, were legally married throughout taxable year 1997 and remained married at the time of trial. Longina Newsom is the mother of three daughters, Garanece Shaw, Krissa Williams, and Shanika West. Petitioner is not the biological father of any of Longina Newsom's children, all of whom were born before her marriage to petitioner. Petitioner and Longina Newsom filed separate returns for taxable year 1997 and each claimed single filing status with one exemption for himself or herself and one dependency exemption. Petitioner claimed Krissa Williams as his dependent, and Longina Newsom claimed Garanece Shaw as her dependant.

In the notice of deficiency respondent determined that petitioner's proper filing status was married filing separately and did not make an adjustment with respect to petitioner's dependency exemption for Krissa Williams. Respondent disallowed petitioner's claims for head of household filing status and earned income credit.

Discussion

Head of Household Filing Status

The first issue on which we focus is whether petitioner qualifies as a head of household. An individual who qualifies as a head of household has special tax rates applied to his taxable income. See sec. 1(b). Section 2(b)(1) provides that "an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year". Petitioner concedes that he was legally married throughout the 1997 taxable year. Therefore, petitioner does not meet the requirements to file as a head of household under section 2(b).

Petitioner also is not entitled to file as a head of household under section 2(c). Section 2(c) provides that if a taxpayer is a married individual living apart from his spouse, he may be treated as an unmarried taxpayer for head of household filing purposes if the taxpayer meets the requirements of section 7703(b). Section 7703(b) treats an individual as not married if: (1) The taxpayer files a separate tax return; (2) the taxpayer maintains a household that is for more than one-half of the taxable year the principal place of abode of the taxpayer's child for whom the taxpayer would be entitled to claim a dependency exemption; (3) the taxpayer pays more than half the cost of maintaining the household for the tax year; and (4) the

taxpayer's spouse is not a member of the household during the last 6 months of the tax year.

Petitioner contends that he is entitled to head of household filing status because he and Longina Newsom lived apart during the 1997 tax year and because petitioner provided a household which was the primary residence for Krissa Williams for more than half of the 1997 tax year. Petitioner, however, has failed to establish these facts.

The requirement of section 7703(b)(3) that a taxpayer's spouse not be a member of his household during the last 6 months of the taxable year is met "if such household does not constitute such spouse's place of abode at any time during such year." Sec. 1.7703-1(b)(5), Income Tax Regs. There was conflicting testimony regarding petitioner and Longina Newsom's living arrangements during the year at issue. Petitioner testified that he and Longina Newsom separated sometime in 1996 and, with the exception of a 1-month reconciliation in November of 1997, remained separated until January 1999. Although petitioner testified that at no time during 1997 did he and Longina Newsom live together, Longina Newsom testified that she and petitioner lived together for "about one month" in 1997.

In further conflict with petitioner's assertion that he and Mrs. Newsom did not live together during the year at issue, petitioner filed a complaint on March 20, 1998, instituting a

divorce proceeding against Longina Newsom indicating that he and Longina Newsom did not separate until approximately March 14, 1998. On the basis of the foregoing evidence, we conclude that petitioner has not established that he and Longina Newsom maintained separate households throughout the last 6 months of 1997.

While such a finding is sufficient to determine that petitioner does not qualify as a head of household, see sec. 7703(b)(3), petitioner does not qualify on additional grounds. Even if we were to find, on the basis of petitioner and Longina Newsom's testimony, that Krissa Williams resided with petitioner for more than one-half of the year at issue, petitioner failed to establish that he provided more than one-half the cost of maintaining his household as the principal residence of Krissa Williams during 1997.

The regulations provide guidance concerning the types of expenses which constitute the cost of maintaining a household. These expenses include "property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises." Sec. 1.7703-1(b)(4), Income Tax Regs. Petitioner offered no evidence that he incurred these types of expenses in maintaining the households in which he alleges he and Krissa Williams lived.

Petitioner testified that he and Krissa Williams lived at 9908 Independence from January until May 1997. Petitioner provided no evidence of his contributions toward maintaining this household. According to petitioner, Krissa Williams did not live with him during the summer months, and it was not until October 1997 that Krissa Williams resumed her residence with petitioner. Petitioner testified that in October 1997 he and Krissa Williams moved into a home at 27 Windsor Drive, which petitioner testified he eventually purchased under a rent-to-buy agreement. Even if petitioner incurred the entire cost of maintaining his household at 27 Windsor Drive, he maintained this household for only the last 3 months of the year. We cannot presume that these expenses exceeded one-half of the cost of maintaining Krissa Williams' principal abode for the year.

We have no doubt that petitioner contributed to the care of Krissa Williams. In fact respondent did not make an adjustment with respect to petitioner's dependency exemption for Krissa Williams. The regulations, however, specifically provide that the costs of maintaining a household "do not include the cost of clothing, education, medical treatment, vacations, life insurance, and transportation." Sec. 1.7703-1(b)(4), Income Tax Regs. Without evidence of the cost of maintaining a household or of petitioner's contributions, it is impossible to conclude that petitioner provided more than one-half of the cost of maintaining

his household.  Hence, for the purposes of section 7703(b) and section 2, we will treat petitioner as married during the tax year of 1997.

Accordingly, we hold that petitioner is not entitled to claim head of household filing status for taxable year 1997.

Earned Income Credit

The remaining issue for decision is whether petitioner is entitled to an earned income credit for the taxable year in issue. Section 32(d) provides that an individual who is married, within the meaning of section 7703, must file a joint return with his spouse for the taxable year in order for section 32 to apply.

Petitioner has conceded that he and Longina Newsom were legally married during the year at issue.  Petitioner also does not meet the requirements of section 7703(b), which treats certain individuals living apart as not married.  Thus, we hold that petitioner is not entitled to an earned income credit for the 1997 tax year because he did not file a joint return with Longina Newsom.

To reflect the foregoing,

Decision will be entered

for respondent.